FILED
1999 FEB -8 PM 1:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

IGNACIO DIAZ, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO. 98-H-2518-M
)
WARDEN RON JONES, Warden; ATTORNEY )
GENERAL FOR THE STATE OF ALABAMA, )
)
Respondents. )

ENTERED
FEB - 8 1999

MEMORANDUM OPINION

On February 1, 1999 petitioner filed a response to the court's order of January 12, 1999 in which he contends that the current habeas petition is not a second or successive petition because "his first habeas petition was a challenge to a prior drug conviction that was used to enhance his present convictions under Alabama's Habitual Felony Offender Act."

The court has reviewed the habeas petition filed by petitioner in CV 97-N-0157-M. Contrary to petitioner's assertion, he did not attack the validity of his 1984 felony drug conviction in his prior federal habeas petition. Rather, petitioner attacked his life without parole sentences for rape, robbery, kidnaping and sodomy on the grounds that the sentences exceeded the maximum sentences authorized by law. Petitioner did not argue that his 1984 felony drug conviction was improper but, rather, argued that it could not be used for sentence enhancement purposes except in subsequent drug related conviction: "Thus the felony drug conviction of 1984 could not validly be used to enhance petitioner's sentence in the 1986 convictions of non-drug related cases." (CV 97-N-0157-M, Habeas petition, supplement page 3).

The court thus concludes that the challenge in CV 97-N-0157-M was to petitioner's 1986 convictions for robbery, kidnaping, sodomy and rape. The first petition was denied on the merits and petitioner's appeal was dismissed for lack of jurisdiction because the notice of appeal was untimely. In the petition before this court petitioner once again seeks to challenge his 1986 convictions for robbery, kidnaping, sodomy and rape. The petition presently before this court is therefore a "second or successive" petition within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 which requires authorization from the Court of Appeals for the Eleventh Circuit. See 28 U.S.C. § 2244(b)(3)(A). On February 16, 1988 the Court of Appeals for the Eleventh Circuit denied petitioner's application for leave to file a second or successive petition.

Based on the foregoing the petition is due to be DISMISSED.[1]

A separate Final Judgment consistent with this Memorandum Opinion will be filed contemporaneously herewith.

DONE this the 8th day of February, 1999.

JAMES H. HANCOCK
UNITED STATES DISTRICT JUDGE

---

[1] The court attaches as exhibits to this Memorandum Opinion the following documents from CV 97-N-0157-M, petitioner's first habeas action: (1) Petitioner's habeas petition (document #1); (2) the Findings and Recommendation (document #14); (3) the Final Judgment (document #16); and (4) the Court of Appeals for the Eleventh Circuit's order dismissing the appeal (document #21).